UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED OCT 29 2014 CLERK U.S. BANKRUPTCY, ORLANDO DIVISION

In re:    Case No. 6:14-bk-01253-KSJ

JOSIANE SWARTZ

Debtor

_____

### DEBTOR'S OBJECTION TO PROOF OF CLAIM NUMBER. (4-2)
### FILED BY THE CHRISTINA TRUST, A DIVISION OF WILMINGTON

DEBTOR, Josiane Swartz (hereinafter "Swartz"), files this objection to claim number 4-2 filed by The Christina Trust, a division of Wilmington, .(TRUST) In support of this objection Swartz says :

1. Swartz filed her chapter 13 petition on March 6, 2014.
2. Swartz is the owner of the real property located on 116 Balmoral Court, Debary, Florida 32713.
3. TRUST filed a proof of claim numbered 4-2.
4. Swartz objects to the proof of claim numbered 4-2 filed by TRUST.
5. Claimant attached documents to the proof of claim which do not demonstrate that TRUST, is a creditor of Swartz or that there is a balance owing to TRUST.
6. Claimant lacks standing to come to court and file the claim.

7. Debtor cites the following reasons for his objection:

(1) The attached note TRUST relies on, is not authentic, and does not name TRUST as the payee.

(2) The attached note TRUST relies on, is not authentic, and is not endorsed to TRUST or in blank..

(3) TRUST attached a purported assignment that does not bear a Corporate Seal of Assigner. It appears the assignment was not authorized by a corporate resolution.

(4) TRUST attached a purported assignment that purports to assign the mortgage BUT NOT THE DEBT to CITY MORTGAGE INC.

(5) There is no evidence provided that there a security interest in the property that belongs to TRUST or that any security interest has been perfected in violation of Bankruptcy Rule 3001(d).

(6) If TRUST alleges it received an assignment of interest in the note by transfer, then TRUST must file a proof of the assignment made prior to the filing of the chapter 13 petition as required by Bankruptcy Rule 3001(e)(1).

(7) TRUST attached two conflicting assignments: the first purports to transfer the Mortgage to Christina Trust WITHOUT THE NOTE and the second purports to transfer the Mortgage to CITY MORTGAGE INC. WITHOUT THE NOTE.

(8) It is well established law that a transfer of a Mortgage without a transfer of the debt is a legal nullity and the assignment is of no legal force or effect.

(9) TRUST did not attach a financial ledger to the proof of claim that shows a balance owing from Swartz to TRUST

(10) Debtor disputes the authenticity of the note and any signatures and endorsements appearing thereon.

**WHEREFORE**, for all the reasons set forth above, Swartz respectfully requests that Swartz's Objection to Proof of Claim #2-1 is sustained.

Dated: October 25, 2014

### CERTIFICATE OF MAILING

The undersigned further certifies that on 10/25/2014, I served by prepaid first class mail a copy of the foregoing on parties in interest contained on the attached list . The movant mailed notice at the following addresses:

Arther Swartz
116 Balmoral Court
Debary, Florida 32713

Storey law Group PA
3191 Maguire Blvd. # 257, Orlando, Florida 32803

Dated: 10-25-14

By: [signature]